UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  Case No.  8:04-cr-362-T-23MSS
         8:06-cv-868-T-23MSS

JAMES DAVID LEES
_____/

**O R D E R**

Lees' motion to vacate sentence pursuant to 28 U.S.C. § 2255 (Doc. 1) challenges the Bureau of Prison's failure to give him credit for the time he was incarcerated prior to the imposition of sentence. A motion to vacate must be reviewed prior to service on the United States. *See* Rule 4 of the Rules Governing § 2255 Cases. If the "motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," the motion is properly denied without a response from the United States. 28 U.S.C. § 2255. *See also United States v. Deal*, 678 F.2d 1062, 1065 (11th Cir. 1982) (a "§ 2255 hearing is not required if 'the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief'") (citation omitted); *Wright v. United States*, 624 F.2d 557, 558 (5th Cir. 1980)[1] (affirming district court's summary dismissal of a Section 2255 motion "[b]ecause in this case the record, uncontradicted by [defendant], shows that he is not entitled to relief."); *Hart v. United States*, 565 F.2d 360, 361 (5th Cir. 1978) ("Rule 4(b) of § 2255 allows the district court to summarily dismiss the motion and notify the movant if 'it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the

---

[1] Fifth Circuit decisions handed down prior to October 1, 1981, are binding precedent upon this Court. *Bonner v. City of Pritchard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*).

movant is not entitled to relief.'"). For reasons set forth below, Lees' motion is without merit.

Lees challenge to the Bureau of Prisons' calculation of presentence credits is not properly raised in a motion to vacate sentence because he is not challenging the validity of the conviction or sentence. Instead, because he challenges the execution of his sentence, *i.e.*, the determination of credit for time served prior to imposition of sentence, Lees' claim is reviewable only in a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. *United States v. Cleto*, 956 F.2d 83, 84 (5th Cir. 1992). Additionally, Lees must show that he has exhausted his administrative remedies before filing a habeas petition.

> Courts have original jurisdiction over imposition of a sentence. The Bureau of Prisons is, however, responsible for computing that sentence and applying appropriate good time credit. *U.S. v. Martinez,* 837 F.2d 861, 865-66 (9th Cir.1988). The Bureau of Prisons has established regulations that set forth the procedures that a prisoner must follow before seeking relief from a district court. *U.S. v. Lucas,* 898 F.2d 1554, 1556 (11th Cir.1990). Exhaustion of administrative remedies is jurisdictional. *Id.*

*Gonzalez v. United States*, 959 F.2d 211, 212 (11th Cir. 1992).

Accordingly, the motion to vacate sentence pursuant to 28 U.S.C. § 2255 (Doc. 1) is **DISMISSED**. The motion for leave to proceed *in forma pauperis* (Doc. 2) is **DENIED AS MOOT**. The clerk shall enter a judgment against Lees and CLOSE this action.

ORDERED in Tampa, Florida, on May 11, 2006.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

SA/ro